UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

December 4, 2017

Wilson D. Antoine, Esq.
Assistant Corporation Counsel
Corporation Counsel's Office
Law Department, Civil Litigation
City of Newark
920 Broad Street, Room 316
Newark, NJ 07102
*Counsel for Defendants*

Cynthia H. Hardaway, Esq.
877 Broad Street, #212
Newark, NJ 07102
*Counsel for Plaintiff*

### LETTER OPINION FILED WITH THE CLERK OF THE COURT

Re:  Young v. City of Newark, et al.
     Civil Action No. 17-1668 (SDW) (LDW)

Counsel:

Before this Court is Defendant City of Newark's ("Defendant City") Motion to Dismiss Plaintiff Jakill Young's ("Plaintiff") Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). This Court having considered the parties' submissions, having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, for the reasons discussed below, **GRANTS** Defendant's motion.

### BACKGROUND & PROCEDURAL HISTORY

This Court assumes the parties' familiarity with the factual and procedural history of this matter and, therefore, sets forth only the facts necessary and relevant to its decision. On March 10, 2017, Plaintiff filed suit against Defendant City and others subsequent to an arrest that occurred on or about March 11, 2015. (Dkt. No. 1.) Plaintiff amended his original complaint on April 23, 2017. (Dkt. No. 6.) This Court dismissed the Amended Complaint as to all claims

against Defendant City and as to all state tort law claims against Defendant Jerome Ramsey[1] on August 15, 2017. (Dkt. Nos. 14, 15.)[2] This Court granted Plaintiff thirty (30) days to amend. (*Id.*) Plaintiff filed his Second Amended Complaint on September 15, 2017. (Dkt. No. 17.)

On October 11, 2017, Defendant City filed the instant motion to dismiss, arguing that Plaintiff's Second Amended Complaint was untimely filed. (Dkt. No. 20.) Plaintiff filed his opposition on November 5, 2017 and Defendant City replied on November 13, 2017. (Dkt. Nos. 23, 24.)

**DISCUSSION**

On August 15, 2017, this Court granted Plaintiff thirty (30) days to file a Second Amended Complaint in this case. Plaintiff concedes that he failed to do so, filing the revised complaint a day late on September 15, 2017. (Dkt. No. 23.) Plaintiff's counsel admits that the filing was late because she "miscount[ed]." (*Id.*) Although late by only a single day, Plaintiff's mistake is costly. The statute of limitations for tort claims and civil rights violations is two-years. *See, e.g.*, *Dique v. N. J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010); *Michaels v. State of N.J.*, 955 F. Supp. 315, 326 (D.N.J. 1996). The statute of limitations for Plaintiff's claims was tolled when his initial Complaint was filed, however, by failing to amend within the thirty-day window set forth in this Court's August 15th Order, Plaintiff lost the protection of the tolling and his previously dismissed claims are now time-barred. *See Brennan v. Kulick*, 407 F.3d 603, 606-07 (3d Cir. 2005) (noting that a "limitations period is tolled by the filing of a complaint which is later dismissed without prejudice if the order of dismissal grants leave to amend within a time certain . . . [but that tolling ends after] the time for amendment has expired"). Plaintiff presents no justification for, and this Court finds no reason warranting, equitable tolling in this instance. *See Parker v. Pressler & Pressler, LLP*, 650 F. Supp. 2d 326, 340 (D.N.J. 2009) (noting that "attorney error, miscalculation . . . or other mistakes . . ." do not give "rise to the extraordinary circumstances required for equitable tolling").

Therefore, Defendant City's motion to dismiss the Second Amended Complaint will be granted. All claims against Defendant City and all state law tort claims against Defendant Ramsey are dismissed with prejudice. Per this Court's August 15, 2017 Order, constitutional claims against Defendant Ramsey for false arrest, false imprisonment, and malicious prosecution may proceed.

**CONCLUSION**

For the reasons set forth above, Defendants' Motion to Dismiss is **GRANTED**. An appropriate order follows.

                                            ___/s/ Susan D. Wigenton_____
                                            **SUSAN D. WIGENTON, U.S.D.J.**

---

[1] Defendant Ramsey died on June 17, 2017 and has been replaced as a defendant by his estate. (Dkt. Nos. 16, 17, 19.)

[2] This Court permitted constitutional claims against Defendant Ramsey to continue.

Orig: Clerk
cc: Parties
Leda D. Wettre, U.S.M.J.