UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

February 16, 2018

Cynthia H. Hardaway, Esq.
877 Broad Street, Suite 212
Newark, NJ 07102
*Attorney for Plaintiff*

Wilson D. Antoine, Esq.
City of Newark-Corporation Counsel's Office
Law Department, Civil Litigation
920 Broad Street
Room 316
NEWARK, NJ 07102
*Attorney for Defendant*
*The Estate of Sgt. Jerome Ramsey*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

 Re: **Young v. City of Newark,** *et al*.
    **Civil Action No. 17-1668 (SDW)(LDW)**

Counsel:

Before this Court is Defendant the Estate of Sergeant Jerome Ramsey's Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 25(a). This Court having considered Defendant's submission, noting that it is unopposed, and having reached its decision without oral argument pursuant to Rule 78, hereby **GRANTS** the Motion to Dismiss.

## BACKGROUND & PROCEDURAL HISTORY

This Court assumes the parties' familiarity with the factual and procedural history of this matter and, therefore, sets forth only the facts necessary and relevant to its decision. Plaintiff filed his Second Amended Complaint ("SAC") on September 15, 2017.[1] (ECF No. 17.) On September

---

[1] In a Letter Opinion dated December 4, 2017, this Court dismissed the SAC with prejudice, including "[a]ll claims against Defendant City [of Newark] and all state law tort claims against Defendant Ramsey." (ECF No. 25.) However, Plaintiff was permitted to proceed with his remaining constitutional claims against Defendant Ramsey for false arrest, false imprisonment, and malicious prosecution. (*Id*.)

1

28, 2017, Defendant's counsel filed a Suggestion of Death, notifying this Court that Defendant Ramsey died on June 17, 2017, and provided the estate administrator's name and address. (ECF No. 19.) Defendant Ramsey was replaced as a defendant by Charlie Crews, Administrator of the Estate. (*Id*.) On January 10, 2018, Defendant filed the instant motion to dismiss. (ECF No. 27.) Plaintiff did not oppose the motion.

## DISCUSSION

Rule 25 states, in relevant part, that "if a party dies and the claim is not extinguished . . . a motion for substitution may be made by any party." Fed. R. Civ. P. 25(a)(1). The Rule further provides, "[i]f the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." *Id*.; *see also Moore v. Franklin Cty.*, No. 1:16-CV-2270, 2017 U.S. Dist. LEXIS 204149, at *26 (M.D. Pa. Dec. 11, 2017) (citing Fed. R. Civ. P. 25(a)). Here, counsel for the estate properly notified Plaintiff of Mr. Ramsey's death by serving Plaintiff with a Suggestion of Death on September 28, 2017. Plaintiff had until December 27, 2017 (ninety days from service) to file a motion for substitution. Because Plaintiff did not move to substitute pursuant to Rule 25, and because the Rule mandates the dismissal of claims after ninety days have passed, Plaintiff's remaining claims against the Estate of Sergeant Jerome Ramsey will be dismissed.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED**. An appropriate order follows.

        /s/ Susan D. Wigenton
        **SUSAN D. WIGENTON, U.S.D.J.**

Orig:        Clerk
cc:        Leda D. Wettre, U.S.M.J.
        Parties